## James H. Keeler
## v.
## Maurice F. Grace.

*Brokers—Sale of Real Estate—Commissions—Defective Instruction.*

1.   Where real estate is placed in the hands of a broker with instructions to sell at a given price and through his instrumentality a party is brought into negotiation with the owner and a sale is in consequence effected by the owner, the broker is entitled to commissions.

2.   It is sufficient to entitle the broker to compensation that the sale is effected through his agency as a procuring cause.

[Opinion filed December 7, 1888.]

Appeal from the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

Mr. John C. Scovel, for appellant.

Mr. Thomas J. Walsh, for appellee.

Moran, J.   Appellant brought an action against appellee to recover commissions upon the sale of real estate.   It appears that appellee, about September 14, 1885, left a description of his property with appellant, who is a real estate broker, to sell at the price of $7,500.   Appellant advertised the property and, in November, one Ryan called at appellant's office and inquired what property he was advertising on West 12th

Street and appellant told him it was No. 325, and was owned by appellee Grace, and stated the price.   Ryan asked appellant Keeler to see Grace and try to make a trade for some property which Ryan had and Keeler sent for Grace and submitted the offer to him, but Grace, after examining the property, declined to make the trade, but instructed Keeler to try to sell to Ryan for money.   Ryan could not pay so much cash as Grace required just at that time.   Ryan and Grace met during the negotiations, which ran along into the month of January, and during the time Grace raised the price of the property to $8,000.

On the 4th of May, Grace went to Keeler's office and stated to Keeler that he wanted to withdraw the property from the market; that he did not want to sell it.

On the same day Grace executed a deed to one Mathew Lamb, conveying the property in question, and it clearly appears that the property was taken by Lamb for Ryan and he conveyed it to Ryan a short time thereafter.

The purchase price paid to Grace was $8,000.   Appellant's contention was that the property was sold by appellee to Ryan for the same price for which he had it on his books, and that he, by his advertisement and negotiations, brought the purchaser to Grace, and that he was prevented from making the sale only by appellee taking the property out of his hands on the pretense that he was not going to sell it.

Appellee claimed to the jury that he sold his property through another real estate firm, who wrote to him that they had a purchaser, and that he did not know when he conveyed the property to Lamb that Ryan was the real purchaser.

The issue of fact was for the jury to determine, and if the question had been fairly left to the jury the verdict might rest undisturbed.   But the court erred in giving to the jury at the request of appellee, the following instruction numbered 2: "The jury are instructed that to entitle the plaintiff to recover any commissions, it is necessary for him to prove that he was employed by the defendant and acting under the defendant's employment, and was authorized by the defendant at the time to make the sale, and while so acting effected the sale of defendant's property."

This instruction does not state the law correctly. If a description of property is given to a real estate broker by the owner with instructions to sell it at a given price, and through the agency and instrumentality of the broker a party is brought into negotiations and dealing with the owner, which actually result in a sale of the property at the price fixed, to the broker's customers, the broker will be entitled to his commissions, even though the sale is actually effected by the owner himself.

"It is sufficient to entitle a broker to compensation that the sale is effected through his agency as a procuring cause." Loyd v. Mathews, 51 N. Y. 124.

The instruction, when applied to the facts in this case, as appellant contended the jury should find them, was equivalent to telling the jury to find for the defendant.

Appellant did not claim that he effected the sale of the property, but that he brought the parties together, and that while this property was still on his books a sale of it was negotiated between the parties for the same price that he held the property at.

Appellant was entitled to have the jury pass on the facts under correct instructions. For the error indicated the judgment will be reversed and the case remanded.

*Reversed and remanded.*